The judgment is reversed, and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On State's Motion for Rehearing.

MORROW, P. J.

It is contended that the controlling legal principles arising from the facts are not identical with those presented in the case of Nami v. State, 97 Tex. Cr. R. 522, 263 S. W. 595, but are the same as those in the case of Gomez v. State, 116 Tex. Cr. R. 529, 34 S.W. (2d) 607. The Nami Case, supra, in its decision on the facts, is regarded as sound and as controlling the present appeal. In that case, and in the present instance, the accused interposed in an effort to prevent the deceased from killing or seriously injuring his wife. The delicacy of the situation resulting from such interference, and the danger of the acts of the accused in endeavoring to stay the assault of the husband upon his wife, and the possibility of misconstruction of the jury of the rights and motives of the accused, are the subject of remarks in some detail in the Nami Case, supra, particularly as applied to the facts then under consideration. It is true, as stated in Nami's Case, supra: "When there is evidence from which the jury might draw the inference that one charged with homicide or assault acted in the defense of another, the obligation rests upon the trial court, upon demand of the accused, to give to the jury a charge upon that subject, and this principle prevails, notwithstanding the appellant may testify that he acted in his own defense."

In the Gomez Case, supra, the facts, as interpreted and reflected by the opinion on appeal, were such as impelled the court to conclude that the evidence was not such as rendered it imperative that the court instruct the jury touching the right of Gomez to defend his cousin. It appeared that, at the time of the conflict between Gomez and the deceased, the cousin of the appellant was not present, but that the previous difficulty between him and the deceased had ended, and the cousin had departed from the scene of the difficulty.

The motion is overruled.

## GOOCH v. STATE.
### No. 15093.

Court of Criminal Appeals of Texas.
Feb. 24, 1932.

J. A. Johnson, of Stephenville, and W. E. Martin, of Abilene, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CALHOUN, J.

· The offense is burglary; the punishment, three years in the penitentiary.

The record is before us without a statement of facts or bills of exception. No defect either in the indictment or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment and sentence are improperly entered, in that they fail to take note of the Indeterminate Sentence Law as set forth in article 775, C. C. P. 1925. The judgment and sentence will be reformed in that particular so as to declare that the appellant shall be confined in the penitentiary for a period of not less than two, nor more than three, years.

As reformed, the judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.